UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| CASE FITZGERALD, M.D., **Plaintiff,** V. UNIVERSITY OF KENTUCKY, **Defendant.** | CIVIL NO. 5:20-444-KKC <br><br> **OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

Case Fitzgerald, M.D. ("Dr. Fitzgerald") was a medical resident at the University of Kentucky's ("the University") Department of Otolaryngology. On November 2, 2020, Dr. Fitzgerald commenced this action, seeking damages against the University for retaliating and interfering with the self-care provision of the Federal Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. On November 23, 2020, the University filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), on grounds of sovereign immunity and failure to state a claim upon which relief can be granted. (DE 4). Dr. Fitzgerald did not respond to the University's motion. However, on December 15, 2020, the day the motion became ripe for adjudication, Dr. Fitzgerald filed a "Notice of Intent," alerting the Court of his future intent to amend his complaint pursuant to Fed. R. Civ. P. 15. (DE 6).

Federal Rule of Civil Procedure 15(a) provides that, "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Alternatively, "a party may amend its pleading only with the opposing party's written consent or [with] the court's leave." Fed. R. Civ. P.

15(a)(2). Such amendment should be granted "freely … when justice so requires." *Id*. To evaluate whether justice so requires, the court must consider, *inter alia*, "undue delay in filing ... undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). Here, it is of no consequence that Dr. Fitzgerald has filed a "Notice of Intent" to amend his complaint. The complaint, as it stands now, cannot withstand a motion to dismiss. Plaintiff has not tendered a separate motion to amend his complaint, and has not identified how (if at all) he seeks to amend his complaint to avoid dismissal.

The FMLA "makes it unlawful for employers to ... retaliate against employees who exercise their FMLA rights." *Staunch v. Cont'l Airlines, Inc.*, 511 F.3d 625, 629 (6th Cir. 2008). The FMLA entitles a qualified employee to leave "because of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). This subparagraph is referred to as the "self-care provision." In *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30, 33 (2012), the United States Supreme Court held that "suits against States under [the self-care] provision are barred by the States' immunity as sovereigns in our federal system." Congress has not abrogated Eleventh Amendment immunity for claims brought against states under the self-care provision of the FMLA. *Id.* at 37, 43-44. And, while the State may choose to waive immunity, there is no allegation that Kentucky has waived its immunity under the FMLA. To that effect, this Court previously rejected that University personnel policies on FMLA create a waiver of sovereign immunity. *See Davis v. Ky. Cmty. & Tech. Coll. Sys.*, No. 5:17-CV-344-KKC, 2018 WL 1865166, at *4 (E.D. Ky. Apr. 18, 2018).

The Sixth Circuit has held, however, that the Eleventh Amendment does *not* bar suits for equitable, prospective relief against state officials in their official capacity for

violation of the self-care provision. *Diaz v. Michigan Dept. of Corr.*, 703 F.3d 956, 964–65 (6th Cir. 2013). Dr. Fitzgerald seeks damages — including front pay, back pay, and liquidated damages — but these are barred by the Eleventh Amendment. Additionally, while Dr. Fitzgerald also seeks to "clear[] his name" and "expunge[]his record" (DE 1, ¶ 72), the claims alleged still fail because the action is against an agency of the State itself, as opposed to an official in his or her official capacity.

Therefore, for these reasons, Defendant's motion to dismiss (DE 4) is GRANTED, and this case is DISMISSED without prejudice. A separate judgment shall be entered.

Dated December 17, 2020.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY